847 So.2d 1107 (2003)
Joy SMITH, Kimberly Johnson and James Webb, Appellants,
v.
GLEN COVE APARTMENTS CONDOMINIUMS MASTER ASSOCIATION, INC., and Neighborhood Housing Corp., Dewitt Investment, Inc., R.C. Properties International, Inc., Richard C. Weit, Constance Jefferson, Daisy Henry, and all others similarly situated, Appellees.
No. 4D02-4592.
District Court of Appeal of Florida, Fourth District.
June 18, 2003.
*1109 William J. Cornwell of Weiss & Handler, P.A., Boca Raton, and Mikel Jones, Fort Lauderdale, for appellants.
Julie A. Porter of Thomas J. Morgan, P.A., Coconut Grove, for appellee Glen Cove Apartments Condominiums Master Association, Inc.
HAZOURI, J.
Appellants, Joy Smith, Kimberly Johnson, and James Webb, appeal from the non-final order of the trial court denying their motion for class action certification. They argue that the trial court abused its discretion in denying their motion in that the evidence they presented met the prerequisites to class representation as provided in Florida Rule of Civil Procedure 1.220. We agree.
Appellants filed a class action complaint against appellee, Glen Cove Apartments Condominium Association, Inc., and other defendants who were owners/lessors of the Glen Cove Condominium units occupied by appellants and other class members. Appellants filed their complaint against appellee for failure to maintain the roofs of two buildings in the Glen Cove complex. As a result, the leaking roofs collapsed and the two buildings were condemned by the City of Lauderdale Lakes resulting in the constructive eviction of appellants.
The claims against the owners/lessors were subsequently dismissed and there remained three claims against appellee: (I) breach of statutory duty under section 718.110, Florida Statutes (2000), for appellee's failure to maintain the common elements of the condemned condominium buildings; (IV) negligence, gross negligence and/or negligence per se for appellee's failure to manage, maintain and repair the roofs; and (V) constructive and wrongful eviction as a result of the condemnation order.
In order to qualify for class certification, a party must meet the prerequisites of rule 1.220. The prerequisites as provided by the rule are:
(1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class, and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.
These prerequisites are commonly referred to as numerosity, commonality, typicality, and adequacy of representation.
Under rule 1.220(d)(1) the trial court is required to state in its order findings of fact and conclusions of law "[i]rrespective of whether the court determines that the claim or defense is maintainable on behalf of the class...." The trial court entered a lengthy order denying the motion for class certification. We find, however, that the trial court relied on allegations and evidence that were not relevant to appellants' motion as will be discussed below.

NUMEROSITY
Appellants asserted in their complaint and in testimony at the hearing that the proposed class consists of more than 100 tenants and their family members who were evicted from their Glen Cove residence when the buildings were condemned. Appellee does not specifically respond to whether the members of the class are so numerous that separate joinder of each member is impracticable. The trial court's order does not make a finding on *1110 the issue of numerosity except to the extent that it states that each of the tenants had individual leases with his/her landlord.
Rule 1.220(a)(1) requires that the court first conclude that the members of the class are so numerous that separate joinder of each member is impracticable. In Fifth Moorings Condominium, Inc. v. Shere, 81 F.R.D. 712 (S.D.Fla.1979), the court was presented with allegations asserting the class had 144 members. The court stated in considering whether the allegations were sufficient:
It is widely recognized that members alone are but one factor to consider in determining whether the "numerosity" requirement is satisfied ... The judgment as to whether a given number is sufficient is not susceptible to hard and fast standards "since `numerosity' is tied to `impracticability' of joinder under specific circumstances."
"Impracticability" does not mean impossibility. It is sufficient if it is inconvenient or difficult to join all members of the class.
Id. at 715-16 (citations omitted). The court concluded as follows in holding that sufficient impracticability of joinder exists:
The Court views the size of the class, the inconvenience of proceeding as a non-class action, and the nature of the case as being determinative facts in this holding.
Id. at 716.
As the class in this case has approximately 100 members who were residents of low income housing indicating that they lacked the resources to bring separate actions, we find that separate joinder would be impracticable and the numerosity requirement of the rule is met. See, e.g., Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Ltd., 694 So.2d 852, 853 (Fla. 3d DCA 1997).

COMMONALITY
In their complaint, appellants list fourteen questions of fact they allege are common to the claims of the representative parties as well as the claims of the individual members of each class. In its order, the trial court cited to four of these allegations and held that these allegations show a lack of commonality. The trial court also held that appellants stated fraud claims based upon separate contracts which is not appropriate for class action certification, citing Avila South Condominium Ass'n v. Kappa Corp., 347 So.2d 599 (Fla.1977), and Lance v. Wade, 457 So.2d 1008 (Fla.1984).
The allegations in the complaint against appellee do not allege fraud or misrepresentation by appellee and they are not based upon the leases appellants had with their landlords. The common questions of law and fact against appellee are whether appellee violated its statutory duty or was negligent in its failure to maintain the roofs causing damages to appellants and the members of the class.
"The primary concern in determining commonality is whether the representative members' claims arise from the same course of conduct that gave rise to the other claims, and whether the claims are based on the same legal theory." Terry L. Braun, P.A. v. Campbell, 827 So.2d 261, 267 (Fla. 5th DCA 2002). We find that these allegations raise issues of law and fact which are common to all potential class members.

TYPICALITY
Rule 1.220(a)(3) requires that the class representative's claims be typical of the claim of each member of the class. Appellants allege that they all sustained damages when they were required to vacate their rental properties due to hazardous conditions which resulted from the appellee's *1111 failure to maintain the common elements. The trial court's finding on typicality was again based upon the fact that the appellants had separate leasing agreements with different landlords, that appellee was not a party to these leases and that only some of the 120 units suffered water damage to the interior. As discussed above, appellants' claims against appellee are not based upon the leases and the finding that the claims were not typical because of this was an abuse of discretion.
In Broin v. Philip Morris Cos., 641 So.2d 888 (Fla. 3d DCA 1994), the court held with respect to typicality:
All class members seek the same remedy. The representatives' claims and the class members' claims are not antagonistic in any way. The mere presence of factual differences will not defeat typicality.
Id. at 892 (citations omitted). Appellants' claims meet this requirement in that they all claim that appellee was negligent and violated the statute causing damages to them.

ADEQUATE REPRESENTATION
Quoting Pottinger v. City of Miami, 720 F.Supp. 955, 959 (S.D.Fla.1989), the court in Broin held that "[t]he `adequacy of representation' requirement is met if the named representatives have interests in common with the proposed class members and the representatives and their qualified attorneys will properly prosecute the action." Broin, 641 So.2d at 892.
In this case the trial court held that appellant could not adequately represent the interests of the class. It held:
Not one of the purported class members entered into a lease agreement with Glen Cove, but with different unit owners. The rights and/or obligations of the purported class members and/or their landlords would be determined by the lease agreement which they negotiated. The damages suffered by each tenant would also vary depending upon whom [sic] their landlord was and what actions were taken by their respective landlords to assist them when the buildings were shut down, such as: providing them with reimbursements of rent and/or security deposits, finding them alternative housing, assisting with storage of their belongings and/or moving and any other type of assistance which may have been provided. Due to the variables present, based upon the individual contracts, the named Plaintiffs cannot adequately protect and represent the interests of the purported class members.
The trial court has again made its decision on an incorrect basis. In this case, the representatives seek the same relief as the class members and they have suffered the same injury as the class members.
In addition to meeting the requirements of rule 1.220(a), appellants must demonstrate the class action is maintainable under rule 1.220(b)(1), (2) or (3). Appellants assert that they qualify for certification under subsection (3). To qualify for certification under that subsection of the rule, a class must meet two requirements: 1) the common questions predominate over any questions affecting only individual members, and 2) the class representation is superior to other available methods for the fair and efficient adjudication of the controversy.
Appellants meet the first requirement in that the questions common to both the representatives and the members of the class, whether the appellee violated the statute and whether it was liable for negligence, predominate over other questions such as, for example, damages, which may be different for each member of the class.
*1112 Finally, appellants also meet the second requirement that the resolution of the liability of appellee in one proceeding with respect to all possible plaintiffs is a superior means of adjudicating this case than individual suits by each member of the class.
Based upon this analysis, we conclude that the trial court abused its discretion in denying appellants' motion for class certification. We reverse and direct the trial court to certify the class.
REVERSED.
FARMER and MAY, JJ., concur.