981 So.2d 515 (2008)
OLEN PROPERTIES CORPORATION and Olen Residential Realty Corporation, Appellants,
v.
Samantha S. MOSS, as Class Representative of those similarly situated, Appellee.
No. 4D07-501.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
Rehearing Denied June 3, 2008.
*517 Henry Trawick of Henry Trawick, P.A., Sarasota, and Sheridan Weissenborn of Papy Weissenborn Vraspir Paterno & Puga, P.A., Coral Gables, for appellants.
Jane Kreusler-Walsh and Barbara J. Compiani of Kreusler-Walsh, Compiani & Vargas, P.A., Joseph Johnson and Theodore Babbitt of Babbitt, Johnson, Osborne & LeClainche, P.A., and Rod Tennyson of Rod Tennyson, P.A., West Palm Beach, for appellee.
POLEN, J.
Appellants, Olen Properties Corporation and Olen Residential Realty Corporation, appeal the trial court's non-final order finding that a case or controversy existed between Appellants and Appellee Samantha S. Moss and in certifying a class action. Moss was a tenant in one of Appellants' apartment complexes who exercised her right of early termination of her lease and was charged an early cancellation fee amounting to one month's rent. Moss paid the charge and filed a class action complaint alleging that Appellants' lease contained fee provisions violating Florida law, specifically Chapter 83, as the charges did not take into consideration when the apartment was re-rented, resulting in greater damages to the landlord than actually sustained. The complaint also alleged that the liquidated damages clause found in the lease violated Florida law and common law because the lease also allowed the landlord the possibility of recovering contractual damages. The trial court denied Appellants' motion to dismiss the complaint and certified the class. Appellants argue the trial court erred in certifying the class as Moss has no standing and did not prove the elements necessary for class certification. We disagree with Appellants' arguments, affirm the trial court's holding and write to explain our holding.
Appellants first argue that Moss did not have standing to bring the action. "The issue of standing is a threshold inquiry which must be made at the outset of the case before addressing whether the case is properly maintainable as a class action." Ferreiro v. Philadelphia Indem. Ins. Co., 928 So.2d 374, 376 (Fla. 3d DCA 2006). "To satisfy the requirement of standing, the plaintiff must show that a case or controversy exists between the plaintiff and the defendant, and that such case or controversy continues from the commencement through the existence of the litigation." Id. at 377. In other words, individuals "must allege some threatened or actual injury resulting from the putatively illegal action." Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Moss presented sufficient evidence that a case or controversy existed to allow the trial court to find Moss had standing.
The lease in question contained the following provision titled Cancellation Fee:
Provided RESIDENT has not been in default hereunder during the term of this lease, and provided that RESIDENT strictly complies with the provisions of this paragraph, and has completed at least seven (7) months of occupancy, RESIDENT may cancel this lease before the expiration of the initial term by:

*518 (a) ensuring that MANAGEMENT receives 30 days written notice of cancellation, all before the first day of the month of RESIDENT's proposed cancellation; plus
(b) paying on the date RESIDENT gives written notice of cancellation, all monies due through the date of proposed move-out (the last day of the month of cancellation); plus
(c) paying on the date RESIDENT gives written notice of cancellation, an additional amount equal to one month's rent as liquidated damages; plus
(d) returning the apartment in clean, ready-to rent condition.
RESIDENT's exercise of this provision shall not relieve RESIDENT of any responsibilities regarding damage to the apartment. If the above conditions are met, RESIDENT will be entitled to the return of their security deposit described above less any damages in excess of normal wear and tear.
Moss brought the class action complaint, asserting this was an illegally assessed fee, which she was charged, and that Appellants had also illegally assessed fees to tenants who failed to give notice when leaving at the expiration of their leases.
In determining whether a case or controversy exists, the trial court is not required to determine the merits of the case, but rather is to determine whether sufficient facts have been alleged to establish that there is an issue to be decided. We find Moss has met this burden and affirm the trial court's holding regarding standing. The complaint alleged that Appellants illegally assessed fees to tenants who either terminated their leases early or who left at the end of their lease but failed to give a 30-day notice that they were not renewing their lease. The complaint alleged these policies violated Florida law and public policy, including the Landlord-Tenant Act, the Florida Consumer Collection Practices Act (FCCPA), and the Florida Deceptive and Unfair Trade Practices Act (FDUPTA). Moss fell into the first category, arguing she was charged an illegal cancellation fee that she was forced to pay or be faced with the consequence of being reported to a collections agency. Therefore, Moss fell with the category of individuals having a case or controversy regarding this issue.
Appellants also argue the trial court erred in certifying the class below because Moss failed to prove the elements necessary for certification. A trial court's certification of a class action is reviewed using an abuse of discretion standard. Equity Residential Props. Trust v. Yates, 910 So.2d 401, 403 (Fla. 4th DCA 2005). Fla. R. Civ. P. 1.220(a) provides:
Prerequisites to Class Representation. Before any claim or defense may be maintained on behalf of a class by one party or more suing or being sued as the representative of all the members of a class, the court shall first conclude that (1) the members of the class are so numerous that separate joinder of each member is impracticable, [numerosity] (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, [commonality] (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class, [typicality] and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class [adequacy].
Fla. R. Civ. P. 1.220(a). The plaintiff must also prove predominance of common questions over individual ones and superiority *519 of class representation over other available methods of adjudication.
A class action cannot be certified until the trial court is satisfied "after a rigorous analysis" that all the requirements of Rule 1.220 have been satisfied. Earnest v. Amoco Oil Co., 859 So.2d 1255, 1258 (Fla. 1st DCA 2003); Seven Hills, Inc. v. Bentley, 848 So.2d 345, 352 (Fla. 1st DCA 2003). A "rigorous analysis" requires the Court to look beyond the pleadings to determine whether the claims and proof are amenable to class treatment, because certification of a class "considerably expands the dimensions of the lawsuit, and commits the Court and the parties to much additional labor over and above that entailed in an ordinary private suit." Baptist Hosp. of Miami, Inc. v. Demario, 661 So.2d 319, 321 (Fla. 3d DCA 1995).
Welcome v. Arvida Cmty. Sales, Inc., No. 02-01279-CA, 2004 WL 2340249 at *3 (Fla. Cir.Ct. Sept. 13, 2004). We find Moss presented sufficient evidence of each element to uphold the trial court's class certification and briefly deal with each element below.
A. Numerosity
Rule 1.220(a)(1) states that before a case may be certified as a class action, the court must conclude that "the members of the class are so numerous that separate joinder of each member is impractical." Courts have generally held that this rule imposes two distinct, but related requirements for class certification. First, the class definition must permit the court to reasonably ascertain whether or not any particular individual is a member of the class. If this threshold is satisfied, the Rule requires that the class be so numerous that separate joinder of each member is impracticable. "Impracticable" does not mean impossible, and numerosity is satisfied if it would be difficult to join all the members of the class.
Welcome, 2004 WL 2340249 *3.
In researching proposed members of the class, Moss's counsel reviewed statements of deposits (SODAS), which were obtained through court files, eviction proceedings or suits to recover damages. It was determined that the individual had been charged one of the contested fees by looking for one of six different codes in the SODAs. Of the SODAs analyzed, there were 453 that contained one of these six codes from February 2002 through August 2006. Of these 453, 140 were found in the SODAs provided by Appellants and the rest were found in the SODAs obtained through prior court proceedings. At trial, Moss's expert speculated that there would likely be more tenants found who were charged the fees when more SODAS were examined and that based on previous similar cases, there would be no problem managing the class.
We find Moss presented sufficient evidence to allow the trial court to determine which individuals would fall within the proposed class and that the number and scope of the proposed class is large enough to satisfy the numerosity requirement, especially as there are likely more members of the class that will be added after Appellants provide the SODAs from prior years. Based on Moss's expert's testimony, the size of the class supports the trial court's finding that separate joinder would be impractical.
B. Commonality and typicality
"The primary concern in determining commonality is whether the representative members' claims arise from the same course of conduct that gave rise to the other claims, and whether the claims are based on the same legal theory." Terry *520 L. Braun, P.A. v. Campbell, 827 So.2d 261, 267 (Fla. 5th DCA 2002). "Where both liability and damages depend on individual factual determinations, resolution of these claims can only be decided on an individual basis which is inconsistent with the commonality requirement for class actions." Id. "Rule 1.220(a)(3) requires that the class representative's claims be typical of the claim of each member of the class. Merely pointing to common issues of law is insufficient to meet the typicality requirement when the facts required to prove the claims are markedly different between class members." Id.
We find the trial court correctly determined there was commonality and typicality among the proposed members of the class. With regards to commonality, Appellants argue that different fees were charged for different individuals based on their circumstances, thereby negating any common issue. We disagree, as the issue is not whether the three types of fees were the same, but whether or not Appellants' practice of charging liquidated damages rather than actual damages violated Florida law or whether Appellants were required to credit tenants' accounts with rent it received from re-letting the premises.
Further, with regards to typicality, Moss presented sufficient evidence proving that her claim is typical to the other proposed members in the class in that all the class members were charged liquidated damages rather than actual damages. While the factual reasons why the class members were charged the challenged fees may differ, "[t]he mere presence of factual differences will not defeat typicality." Broin v. Philip Morris Cos., 641 So.2d 888, 892 (Fla. 3d DCA 1994).
C. Adequacy
"The `adequacy of representation' requirement is met if the named representatives have interests in common with the proposed class members and the representatives and their qualified attorneys will properly prosecute the action." Smith v. Glen Cove Apt. Condos. Master Ass'n, Inc., 847 So.2d 1107, 1111 (Fla. 4th DCA 2003) (citing Broin v. Philip Morris Cos., 641 So.2d 888, 892 (Fla. 3d DCA 1994)). We find, based on our analysis and conclusion of the elements above, Moss met the adequacy requirement for representation of the class.
We find Moss had standing to bring the class action as she presented sufficient evidence proving a case or controversy existed between her and Appellants. We further find the trial court did not err in certifying the class below. We affirm.
MAY, J., concurs.
STONE, J., dissents with opinion.
STONE, J., dissenting.
I would reverse. In my judgment, the plaintiff's lease was not invalid. I would hold that Moss lacks standing and that the complaint and affidavit on their face fail to demonstrate "typicality."
The uniform lease addressed multiple categories of tenants. Moss chose to take advantage of, and exercise, the early expiration option and was charged the fee of one month's rent, totaling $760.00. She received her security deposit and utility deposit soon after.
I recognize that, under Chapter 83 of the Florida Residential Landlord Tenant Act, a landlord may not charge a penalty beyond the actual damage suffered, and having a liquidated damages clause and a compensatory damages clause will generally result in an unfair benefit to the landlord. But to allow a tenant to prevail under Moss' circumstances is to recognize damages where none exist.
*521 Nothing in section 83.595, Florida Statutes, addresses the circumstance where a tenant is allowed, at the tenant's election, to move out without breaching the lease. I fail to see how there can be a claim where the landlord allows the tenant to move under these circumstances.
I further would not permit the class action to proceed on this showing of "typicality." The basis for such finding is that all members of the proposed class are charged liquidated damages, notwithstanding the diverse circumstances under which the damage claims arise. Unlike the tenants charged for breaching their lease or failing to give notice, Moss was not violating any provisions of the lease. Instead, Moss was simply trying to take advantage of an option favoring the tenant that, undoubtedly, would not exist but for the ability of the landlord to receive the additional sum for allowing early termination.
Therefore, I would reverse.