984 So.2d 558 (2008)
OLEN PROPERTIES CORPORATION, a Florida corporation, and Olen Residential Realty Corporation, a foreign corporation, all licensed to do business in Florida, Appellants,
v.
Samantha S. MOSS, as Class Representative of those similarly situated, Appellee.
No. 4D07-2592.
District Court of Appeal of Florida, Fourth District.
May 14, 2008.
Rehearing Denied July 9, 2008.
*559 Sheridan Weissenborn of Papy Weissenborn Vraspir Patreno & Puga, P.A., Coral Gables, and Henry Trawick of Henry Trawick, P.A., Sarasota, for appellants.
Jane Kreusler-Walsh and Barbara J. Compiani of Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, Joseph Johnson and Theodore Babbitt of Babbitt, Johnson, Osborne & LeClainche, P.A., West Palm Beach, and Rod Tennyson of Rod Tennyson, P.A., West Palm Beach, for appellee.
Donna S. Barfield of Donna Barfield, P.A., West Palm Beach, for Amicus Curiae Florida Apartment Association.
GROSS, J.
Recently, in Olen Properties Corp. v. Moss, 981 So.2d 515 (Fla. 4th DCA 2008), we affirmed the circuit court's ruling that a case or controversy existed and certifying a class action in this case. Implicit in that decision was the conclusion that the complaint stated a cause of action. Here, Olen Properties appeals a different ruling, one granting a partial summary judgment and enjoining enforcement of certain provisions in a residential lease. We affirm the order as it applies to the "Default by Resident" provision, paragraph (16) in the lease, and reverse that portion of the order directed at the "Cancellation Fee" provision, paragraph (6) in the lease.
The circuit court's order appears to enjoin the enforcement of provisions contained in paragraphs (6) and (16) of a form residential lease.[1] Paragraph (6) allows a tenant to cancel a lease after seven months of occupancy, if the tenant meets certain conditions, including the payment of a fee equal to one month's rent as "liquidated damages." Paragraph (16) concerns default by a tenant, and generally reserves to the landlord "all rights provided under state law . . . including the right to terminate the Lease, retake possession of the premises, and recover damages." For tenants who vacate the premises before the end of a lease term, "either voluntarily or involuntarily," paragraph (16) states that the tenant "shall be obligated to" the landlord "for an amount equivalent to 3 months rent which amount shall operate as liquidated damages."
The validity of these lease provisions turns on the application of Part II, Chapter 83, Florida Statutes (2007), the Florida Residential Landlord and Tenant Act. §§ 83.40-83.682, Fla. Stat. (2007). The Act is a part of a broader movement over the last 75 years to codify the common law. See Mark D. Rosen, What Has Happened to the Common Law?Recent American Codifications and their Impact on Judicial Practice and the Law's Subsequent Development, 1994 Wis. L.Rev. 1119, 1123-24 (1994). "The statute swept away legal principles which had existed for hundreds of years either through the common law or by statute. Landlord-tenant law which had been weighted heavily in favor *560 of the landlord became more balanced." James C. Hauser, Florida Residential Landlord Tenant Manual (2007) 1-1.
Section 83.595, Florida Statutes (2007) sets out the landlord's "choice of remedies upon [a] breach [by the] tenant:"
(1) If the tenant breaches the lease for the dwelling unit and the landlord has obtained a writ of possession, or the tenant has surrendered possession of the dwelling unit to the landlord, or the tenant has abandoned the dwelling unit, the landlord may:
(a) Treat the lease as terminated and retake possession for his or her own account, thereby terminating any further liability of the tenant; or
(b) Retake possession of the dwelling unit for the account of the tenant, holding the tenant liable for the difference between rental stipulated to be paid under the lease agreement and what, in good faith, the landlord is able to recover from a reletting; or
(c) Stand by and do nothing, holding the lessee liable for the rent as it comes due.
Section 83.47(1)(a) provides that a "provision in a rental agreement is void and unenforceable to the extent that it . . . [p]urports to waive or preclude the rights, remedies, or requirements set forth" in the Act. Section 83.54 states that "[a]ny right or duty declared" in the Act "is enforceable by civil action." An action seeking injunctive relief is one type of "civil action." See Fla. R. Civ. P. 1.040 (stating that "[t]here shall be one form of action to be known as `civil action'").
We discern no problem, statutory or otherwise, with paragraph (6), the "cancellation" provision of the lease. Nothing in the statute precludes a landlord and tenant from agreeing in advance about the circumstances when a tenant may get out of the lease before the end of the lease term. Section 83.595(1) does not apply because the "cancellation" agreement is not a surrender, abandonment, or writ of possession situation. We disagree with the circuit court's conclusion that this provision is "in violation of" Lefemine v. Baron, 573 So.2d 326 (Fla. 1991). This paragraph did not permit the landlord the option of choosing liquidated damages or bringing suit for actual damages; if the tenant opted for the conditions of the cancellation, then the landlord was limited to one month's rent as "liquidated damages," and nothing more. It is inartful to call a cancellation fee "damages"; if a tenant exercises his right to terminate early under paragraph (6), no default has occurred, so no "damages" are owed. Only if paragraph (6) was inapplicable to an early termination was a tenant thrown into the general default provision of paragraph (16).
We agree with the circuit court's conclusion that paragraph (16) violated Lefemine, rendering the liquidated damage provision of three months rent a nullity. We also find that the attempt to create a liquidated damage remedy violated section 83.595(1), which sets out the total universe of choices available to a landlord when a tenant has not completed the term of a lease. This statute places limitations on the freewheeling ability to contract; the legislature recognized that in a residential setting, landlords and tenants do not bargain from equal positions of power and knowledge. The statute expressly describes the landlord's three options following a tenant's breach and vacation of the leased premises. An inference must be drawn that the legislature intended to omit or exclude damage remedies not included by special reference. See generally Prewitt Mgmt. Corp. v. Nikolits, 795 So.2d 1001 (Fla. 4th DCA 2001); Towerhouse Condo., Inc. v. Millman, 475 So.2d 674 (Fla.1985). *561 Section 83.595 takes a balanced approach to allocating responsibilities after breach of a lease. In situations where a landlord immediately relets the property, the statute will favor the tenant. However, in a slow market, where a tenant abandons an apartment early in a lease, and the landlord cannot relet, the ability to recover actual damages benefits the landlord. The statute does not allow for the creation of a liquidated damages remedy to bypass the statutory provisions.
In an excellent brief, amicus curiae counsel argues that section 83.595 should be construed in a way that its remedies are "available in addition to the common law remedies, which include an award of liquidated damages pursuant to" a signed lease agreement. We reject this invitation to expand section 83.595 by judicial interpretation. The act does not contain the type of provision that "allows the [trial] judge access to an arsenal of alternative doctrines that are available, unless specific code provisions indicate these alternatives' inapplicability." Rosen, 1994 Wis. L.Rev. at 1181. For example, section 1.103 of the Uniform Residential Landlord and Tenant Act states:
Unless displaced by the provisions of this Act, the principles of law and equity, including the law relating to capacity to contract, mutuality of obligations, principal and agent, . . . fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause supplement its provisions.
Quoted at Rosen, 1994 Wis. L.Rev. at 1256 n. 231. While Florida adopted some provisions of the Uniform Act, the legislature did not adopt section 1.103. It is for the legislature, and not the courts, to expand section 83.595 remedies.[2]
We find no abuse of discretion in the court's entry of an injunction under section 501.211(1), Florida Statutes (2007). We note that an injunction would also have been proper under section 83.54.
The order of the circuit court is affirmed insofar as it applies to paragraph (16) of the lease and reversed insofar as it applies to paragraph (6) of the lease.
POLEN and MAY, JJ., concur.
NOTES
[1] The order explicitly made no finding concerning a provision of paragraph (4.H) regarding security deposits and does not appear to have made any ruling as to an "Addendum to Lease (Concession Fee)." Therefore, we do not address these provisions in this opinion.
[2] We note that the legislature specifically allowed for liquidated damages in section 83.575(2), Florida Statutes (2007), which does not apply to the situation covered by paragraph (16).