SUAREZ, J.
Safeway Premium Finance Company appeals the trial court’s order certifying a class action. Lazaro E. Sosa’s Motion for Certification alleges that Safeway violated section 627.840(3)(b), Florida Statutes (2002), by overcharging Sosa and other Safeway customers. We find that Sosa failed to allege sufficiently a knowing violation of the statute, and therefore his claim is not an appropriate claim for a class action. We reverse the granting of the Motion for Certification.
On November 26, 2002, Sosa entered into a six-month premium finance agree *10 ment with Safeway for which he was charged an additional service charge of twenty dollars, provided for in section 627.840(3)(b), Florida Statutes (2002). Sosa renewed his six-month automobile policy two more times, and, each time, obtained a new, six-month premium finance contract with Safeway wherein with each new contract he was charged the additional service charge of twenty dollars. He claims that section 627.840(3)(b) does not allow for more than one twenty-dollar additional charge in a twelve-month period and that the two additional service charges constituted a violation by Safeway of section 627.840(3)(b). He alleges that Safeway has made the same unauthorized charges to other customers. Safeway admits the overcharge, but states that the violation was an error- and denies any knowing violation.
Section 627.840(3)(b), Florida Statutes (2002) allows a premium finance company to charge a twenty-dollar additional charge once every twelve months. The twenty-dollar additional charge may be charged more than once every twelve months only if the customer’s policy was cancelled due to nonpayment within the preceding twelve-month period. Section 627.840(3)(b) states:
The service charge shall be a maximum of $12 per $100 per year plus an additional charge not exceeding $20, which additional charge need not be refunded upon prepayment. Such additional chai'ge may be charged only once in a 12-month period for any one customer unless the customer’s policy has been canceled due to nonpayment within the immediately preceding 12-month period.
§ 627.840(3)(b), Fla. Stat. (2002).
Sosa claims that he and other Safeway customers are entitled to certain specific damages provided for in section 627.835 because Safeway billed them and accepted more than one twenty-dollar additional charge within a twelve-month period in violation of section 627.840(3)(b). Section 627.835 states:
Any person, premium finance company, or other legal entity who or which knowingly takes, receives, reserves, or charges a premium finance charge other than that authorized by this part shall thereby forfeit the entire premium finance charge to which such person, premium finance company, or legal entity would otherwise be entitled; and any person who has paid such unlawful finance charge may personally or by her or his legal or personal representative, by suit for recovery thereof, recover from such person, premium finance company, or legal entity twice the entire amount of the premium finance charge so paid.
§ 627.835, Fla. Stat. (2002) (emphasis added).
In order for Sosa to state an individual cause of action and one which qualifies for class certification pursuant to section 627.840(3)(b), based on damages specified in section 627.835, the premium finance company must have knowingly charged or accepted the additional twenty-dollar premium finance charge unauthorized by statute. By the very terms of section 627.835, Sosa’s Motion for Class Certification is insufficient on its face and subject to dismissal for failure to allege facts demonstrating that Safeway “knowingly” billed or received the additional premium finance charge from its customers.
When one acts “knowingly,” he or she acts with knowledge, consciously, willfully, and intentionally. Black’s Law Dictionary 784 (5th ed. 1979). As such, Sosa must allege facts to show that Safeway billed and accepted the additional *11 twenty dollars from him and from each class member with knowledge that its actions violated Florida Statutes. This claim differs from the unfair and deceptive trade practices class action claim found in Lotman v. Costa Cruise Lines, N.V., 758 So.2d 699 (Fla. 3d DCA 2000). In Lat-inan, the alleged deceptive trade practice consisted of the cruise line collecting port taxes on each ticket purchased, passing through a portion of the charge and the cruise line keeping the excess money from each ticket. The factual circumstances were the same for every class member. In the class action against Safeway, there would be different circumstances for each individual member of the class which would serve as the bases for and as defenses to the additional premiums charged such that the class action requirement of commonality cannot be met. See Fla. R. Civ. P. 1.220(a) (requiring court to consider claims or defenses of the representative parties and whether they raise questions of law or fact common to the class). These different facts leading to the additional premiums charged include situations where an insured changed his or her name or his or her address from one six-month premium application to the next, leading Safeway to treat the applications as though they were from different individuals, or the company generated more than one bill to the same address in a twelvemonth period or committed other mistakes, unintentionally, in the processing of an application. Sosa personally has not alleged any individual facts showing intentional actions by Safeway or on behalf of potential members of the class sufficient to demonstrate a cause of action for damages under sections 627.840(3)(b) and 627.835, Florida Statutes (2002), for knowingly collecting an excess finance charge sufficient to meet the commonality requirement of a class action. See Pop’s Pancakes, Inc. v. NuCO2, Inc., 251 F.R.D. 677 (S.D.Fla.2008); Stone v. CompuServe Interactive Servs., Inc., 804 So.2d 383 (Fla. 4th DCA 2001); Chateau Cmtys., Inc. v. Ludtke, 783 So.2d 1227 (Fla. 5th DCA 2001); Shoma Dev. Corp. v. Vazquez, 749 So.2d 1287 (Fla. 3d DCA 2000). In order to prove damages, individual questions pertinent to all potential class members are subject to different explanations and defenses relating to knowing violations of these statutes. Therefore, individual questions of law and fact predominate over common allegations of simple overcharge. Fla. R. Civ. P. 1.220(b); see Gibbs Props. Corp. v. Cigna Corp., 196 F.R.D. 430 (M.D.Fla.2000) (holding that fraudulent scheme to charge excessive premium required a determination of amount of damages in each individual case in order to satisfy class action element that common issues predominate over individual questions of fact and law); Egwuatu v. South Lubes, Inc., 976 So.2d 50 (Fla. 1st DCA 2008) (holding that allegation of changing unauthorized environmental fee required individualized facts supporting claims of individualized plaintiffs precluding class certification). The requirement of knowledge is a prerequisite to stating and proving a cause of action for damages under the statutes. We find that Sosa does not state a cause of action for which a class action is appropriate.
Reversed and remanded.
SHEPHERD, J., concurs.