GERSTEN, C.J.
(dissenting).
I respectfully dissent. Because the trial court did not abuse its discretion in certifying this class action, I would affirm.
Lazaro E. Sosa (“Sosa”) financed the premium for his automobile insurance policy with Safeway Premium Finance Company (“Safeway”). The policy was for a six-month term. Safeway charged Sosa an additional service charge of $20 when he financed the six-month premium. When Sosa renewed his policy for another six-month term, Safeway again assessed him the $20 additional service charge.
Section 627.840(3)(b), Florida Statutes (2002), allows a premium finance company to charge a maximum of $20 per year as an additional service charge. A premium finance company that knowingly charges more than the statutorily permitted amount is liable for damages pursuant to section 627.835, Florida Statutes (2002). Sosa sues Safeway alleging a statutory violation and seeks class certification.
In determining whether to certify the class, the trial court considered evidence from Safeway’s representative, Mr. Ferrer. Mr. Ferrer described Safeway’s procedure for processing its premium finance agreement and application forms (“the PFA & A”). Independent insurance agents prepare the PFA & A for the proposed insured, and then they submit the forms to Safeway. Apparently, the $20 service charge is automatically included in the amount the proposed insured is charged at this point.
Upon receipt of the PFA & A, Safeway employees check to see if the insured was charged the $20 previously. If the $20 was charged previously and the insured’s prior policy was not cancelled for nonpayment, then the insured’s account is credited with the $20 overcharge. Mr. Ferrer acknowledged that, through human error, some of these overcharges may not have been spotted and credited.
Class action certification requires that: (1) the members of the class be so numerous that a separate joinder of each member is impracticable (numerosity); (2) the claim of the representative party raises questions of law or fact which are common to questions of law or fact raised by the claim of each member of the class (commonality); (3) the claim of the representative party is typical of the claim of each member of the class (typicality); and (4) the representative party can fairly and adequately represent the interests of each member of the class (adequacy). Fla. R. Civ. P. 1.220(a); Wyeth, Inc. v. Gottlieb, 930 So.2d 635, 639 (Fla. 3d DCA 2006).
In addition, the lawsuit must fall within one of the provisions of rule 1.220(b): (1) the action creates a risk of inconsistent adjudication or adjudication affecting nonmembers of the class; (2) the action seeks injunctive or declaratory relief which appropriately concerns the class as a whole; or (3) the action presents common questions which predominate over any questions affecting only individual members and class representation is superior to other available methods of adjudication. Fla. R. Civ. P. 1.220(b).
Here, the trial court determined numer-osity was satisfied because the class is so *16 numerous that joinder of all members is impracticable. The class included all persons in Florida who financed insurance premiums with Safeway and were charged an amount in excess of the $20 per year since December 10, 1999. Given the geographical and chronological span of the class, numerosity was clearly established.
Turning to commonality, the trial court concluded that the whole class shared this liability question: Whether the Defendant knowingly violated 627.840, Florida Statutes, by assessing and accepting for payment from Plaintiff and the Class members an additional charge in excess of twenty dollars ($20) in a 12-month period. Thus, this question satisfied the commonality requirement.
Next, the trial court determined that Sosas claim was typical of the claim of the other class members. Sosas interests are the same as those of the other class members. Additionally, the same conduct and legal theory prompted his claim and the claims of the other class members. Thus, typicality was satisfied.
The trial court also found Sosa was an adequate class representative. The trial court concluded that Sosa was willing and able to take an active role in the litigation and to protect the absent class members. Further, the trial court determined that Sosas legal team had vast class action experience and would competently represent the class. Therefore, the adequacy requirement was satisfied.
Finally, the trial court decided that Sosa satisfied the requirements of rule 1.220(b)(3). The trial court found that common questions of law and fact predominate over any individual questions in the case. Accordingly, the trial court determined that class action litigation is superi- or to any other method to fairly and efficiently adjudicate this claim.
The majority concludes that the claims here do not meet the standard for class treatment because Sosa’s complaint fails to “allege facts demonstrating that Safeway ‘knowingly’ billed ... the additional premium finance charge.” Supposedly, the insufficiency arises from Safeway’s allegations that any unrefunded duplicative service charges were due to human or inadvertent error. These contradictory allegations, however, create an issue of proof to be determined subsequently by the trier of fact. The trial court is not required to, nor should it, determine the merits of the case before certifying a class. Rollins, Inc. v. Butland, 951 So.2d 860, 868 (Fla. 2d DCA 2006).
At this point, Sosa has met his burden of alleging that Safeway, as a common practice, charged more than one annual $20 service charge. Safeway’s representative admitted this when he described the procedure for’processing the PFA & As. Safeway initially charges the duplicative service charge on each contract, and then determines if the charge should be credited or refunded.
When multiplied by several thousand applicants, Safeway’s method allows Safeway to use considerable sums of money for considerable periods of time. This practice clearly violates the statute. Thus, Safeway’s general intent and common practice are at issue, and there is no need for a case-by-case factual determination of éach plaintiffs circumstances. The trier of fact here would be faced with a single question on liability: Did Safeway knowingly and systematically charge an improper fee?
Florida coui'ts have found violation of a statutory duty in cases of systematic overcharging to present a common question suitable for class action consideration. See, e.g., Dep’t of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994); Johnson v. Plan *17 tation Gen. Hosp. Ltd. P’ship, 641 So.2d 58 (Fla.1994); Equity Residential Props. Trust v. Yates, 910 So.2d 401 (Fla. 4th DCA 2005); Smith v. Foremost Ins. Co., 884 So.2d 341 (Fla. 2d DCA 2004); Smith v. Glen Cove Apartments Condos. Master Ass'n, 847 So.2d 1107 (Fla. 4th DCA 2003); Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Ltd., 694 So.2d 852 (Fla. 3d DCA 1997); McFadden v. Staley, 687 So.2d 357 (Fla. 4th DCA 1997); Hall v. Humana Hosp. Daytona. Beach, 686 So.2d 653 (Fla. 5th DCA 1996).
I believe it is as clear as lux diei ad paludwn venit[5] that this case is ideal for class action. Rather than have an unmanageable number of plaintiffs filing individual $20 lawsuits, this class action empowers the little guy and gives him leverage to fight an otherwise insurmountable foe. If plaintiff prevails, the big guy no longer lifts $20 from unsuspecting customers’ pockets, the plaintiffs are made whole, and justice can reign supreme.
Accordingly, because the trial court did not abuse its discretion in certifying the class action, I would affirm the trial court’s order in all respects.

. An approximate English translation of this Latin phrase is "daylight upon the swamp.’’