CANADY, C.J.,
dissenting.
Because I conclude that there is no basis for this Court to exercise jurisdiction, I would discharge this case. I therefore dissent.
Contrary to the view adopted by the majority, the decision of the Third District in Safeway Premium Finance Co. v. Sosa, 15 So.3d 8 (Fla.2009), does not expressly and directly conflict with either Olen Properties Corp. v. Moss, 981 So.2d 515 (Fla. 4th DCA 2008), or Smith v. Glen Cove Apartments Condominiums Master Association, Inc., 847 So.2d 1107 (Fla. 4th DCA 2008).
The decision of the Third District on review turned on the court’s conclusion that “Sosa failed to allege sufficiently a knowing violation of the statute, and therefore his claim is not an appropriate claim for a class action.” Sosa, 15 So.3d at 9 (emphasis added). In its analysis of whether a class action could properly be certified, the court relied on Sosa’s failure to allege “any individual facts showing intentional action by Safeway or on behalf of potential members of the class sufficient to demonstrate a cause of action for damages under” the statute. Id. at 11. The court further observed that “individual questions pertinent to all potential class members are subject to different explanations and defenses related to knowing violations.” Id. Based on these circumstances, the court concluded that the commonality requirement of Florida Rule of Civil Procedure 1.220(a) was not satisfied.
The need to establish knowing statutory violations sets Sosa apart from both Glen Cove and Olen Properties. Nothing in the analysis of the commonality issue in either Glen Cove or Olen Properties is in anyway inconsistent with Sosa.
In Glen Cove “[t]he common questions of law and fact against [the] appellee [condominium association was] whether appel-lee violated its statutory duty or was negligent in its failure to maintain the roofs causing damages to appellants and the members of the class.” 847 So.2d at 1110. The focus was on the condominium association’s failure to maintain condominium roofs to the detriment of those who lived below those roofs.
In Olen Properties the action related to a form lease containing a provision for the payment of “an early cancellation fee.” 981 So.2d at 517. The court concluded that the commonality requirement was satisfied because the issue in the case was “whether or not Appellants’ practice of charging liquidated damages rather than actual damages violated Florida law or whether Appellants were required to credit tenants’ accounts with rent it received from re-letting the premises.” Id. at 520.
Both Olen Properties, 981 So.2d at 519, and Glen Cove, 847 So.2d at 1110, quote the following principle from Terry L. Braun, P.A. v. Campbell, 827 So.2d 261, 267 (Fla. 5th DCA 2002): “The primary concern in determining commonality is whether the representative members’ claims arise from the same course of conduct that gave rise to the other claims, and whether the claims are based on the same legal theory.” Sosa does not discuss this principle, but it is not in conflict with it. Sosa is based on the conclusion that “there would be different circumstances” underlying overcharges paid by different members of the class and that some circumstances would demonstrate a knowing violation while other circumstances would demonstrate an inadvertent violation. Sosa, 15 So.3d at 11. The Third District thus in effect recognized that Sosa had not alleged *120 a “course of conduct” evidencing a knowing violation of the statute affecting the members of the class. Since a common course of conduct was present in Olen Properties and Glen Cove, Sosa is readily distinguishable.
In the absence of express and direct conflict, review of Sosa should be discharged.
QUINCE and POLSTON, JJ., concur.