883 So.2d 292 (2003)
PHILIP MORRIS USA INC., Appellant,
v.
John P. HINES and Delores Howell, Individually and on behalf of all others similarly situated, Appellees.
No. 4D02-941.
District Court of Appeal of Florida, Fourth District.
December 31, 2003.
Order Denying Rehearing and Certification October 6, 2004.
Tom Warner, Joseph Ianno, Jr., and Michael K. Winston of Carlton Fields, P.A., West Palm Beach, and Robert C. Heim, Ezra D. Rosenberg, Judy L. Leone and Ronni E. Fuchs of Dechert, Price & Rhoads, Philadelphia, PA, and Stephen N. Zack of Boies, Schiller & Flexner, LLP, Miami, for appellant.
Gary M. Farmer, Jr. of Freedland, Glassman, Farmer & Sheller, P.A., Fort Lauderdale, and Stephen A. Sheller of Sheller, Ludwig & Badey, Philadelphia, PA, for appellees.
Roy C. Young of Young, van Assenderp, Varnadoe & Anderson, P.A., Tallahassee, for Amicus Curiae Florida Chamber of Commerce.
PER CURIAM.
Philip Morris USA Inc. (Philip Morris) seeks review of an order granting appellees' motion for class certification. We reverse and remand for decertification of the class.
Appellees sought certification of a class consisting of all persons who purchased *293 Marlboro Lights and Ultra Lights "low tar" cigarettes in Florida between 1971 and the present. The key issue is whether Philip Morris violated Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) by its conduct in designing, selling and marketing "Lights" as being substantially lower in tar and nicotine than regular, or non-light, cigarettes. The claim is that Philip Morris engaged in a course of deceptive and unlawful conduct in connection with the manufacture, distribution, promotion, marketing and sale of Marlboro Ultra Lights and Marlboro Lights. Through their action, plaintiffs seek to recover only the return of the purchase price of the Lights, on the theory that they did not receive what they paid for.
In summary, appellees claim that because of published scientific studies in the 1960's linking cigarette smoking to cancer, Philip Morris was under pressure to "create doubt about the health charge without actually denying it." As a result, "light" cigarettes were introduced. The "light" designation is related to tar and nicotine test results generated by the "Cambridge Filter System" method. Appellees allege that Philip Morris knew that this system, which was not regulated by any government entity, was neither a valid nor reliable way to measure the amount of tar and nicotine inhaled by an actual smoker. Notwithstanding, based on the results of such test, Philip Morris markets "light" cigarettes to consumers.
According to appellees, Philip Morris, knowing how the "smoking Machine works," made "deceptive changes" in cigarette design and composition. As a result, the test results were artificially low. The deceptive design included the placement of ventilation holes in the filter of the cigarette to dilute the smoke from the cigarette with air from the outside. Appellees alleged that this was deceptive as Philip Morris knew that some smokers cover the ventilation holes with their lips or fingers when they smoke, which results in the smoker receiving the same amount of tar and nicotine as that produced by regular Marlboro cigarettes. Additionally, appellees claim that, whereas the smoking machine finishes the cigarette at a certain point, actual smokers do not. Furthermore, appellees maintain that "light" cigarette smokers may "compensate" to obtain the same level of tar or nicotine either by taking more puffs on each cigarette, by taking larger, longer or deeper puffs, or by smoking more cigarettes.
Contributing to the deceptive design of the "light" cigarette, according to appellees, is the addition of chemicals such as ammonia. The addition of chemicals alters the form of the tar and nicotine such that it escapes detection under the Cambridge Filter System testing method. Appellees maintain that Philip Morris was also able to manipulate tar and nicotine levels by using reconstituted tobacco as well as by modifying rod length, circumference of the cigarette, and the porosity and burn rate of the cigarette papers.
To oppose class certification Philip Morris argued that an individual's smoking behavior and motivation for smoking "light" cigarettes would be a significant aspect of its defense to appellees' FDUTPA claims. As to those defenses, Philip Morris contends that some of the plaintiffs did not suffer a loss and essentially got what they wanted and paid for. Those plaintiffs would include smokers who purchased "lights" for the distinctive "taste." Philip Morris presented evidence that studies show that a substantial number of smokers purchase low tar products for the "taste," rather than for any perceived health related reasons. With respect to those "light" consumers who purchased the product for health reasons, Philip Morris *294 maintains that smokers who do not cover the vent holes when smoking would indeed have a product which delivers lower tar and nicotine than regular cigarettes.
We find that the trial court erred in certifying this lawsuit as a class action as to "all persons who purchased Marlboro Lights and Marlboro Ultra Lights cigarettes in Florida" between the dates specified in the order. Despite a common nucleus of facts concerning a prospective class-action-defendant's conduct, a lawsuit may present individualized plaintiff-related issues which make it unsuitable for class certification. See Hutson v. Rexall Sundown, Inc., 837 So.2d 1090, 1093 (Fla. 4th DCA 2003)(affirming the trial court's denial of class certification while essentially finding that the defendant's conduct is not the sole focus of "the typicality requirement" where the claims of individual class members raise different and substantial issues as to their right to recover); Stone v. Compuserve Interactive Servs., Inc., 804 So.2d 383 (Fla. 4th DCA 2001)(affirming the trial court's denial of class certification in a breach of contract case for failure to timely pay promised rebate where each individual applicant's history would need to be explored); see also Liggett Group Inc. v. Engle, 853 So.2d 434 (Fla. 3d DCA 2003)(reversing a verdict and decertifying a class in tobacco-related tort litigation where issues concerning proximate cause as to each claimant frustrated the predominance of common issues as to the defendant's alleged misconduct).
Among other cases, appellees rely on Davis v. Powertel, Inc., 776 So.2d 971 (Fla. 1st DCA 2000), rev. denied, 794 So.2d 605 (Fla.2001). There, Powertel sold cellular telephones without disclosing to the consumers that the telephones had been programmed to work only with its wireless communications service. The plaintiffs brought an action pursuant to FDUTPA on behalf of a class of those persons who purchased the modified phones. The trial court denied class certification because the plaintiffs could not show that all of the purchasers had relied on Powertel's alleged failure to disclose that the phones had been modified. The First District reversed, holding:
All of the claims share one essential common feature; that is, the alleged defective practice reduced the value of the telephones. Because proof of reliance is unnecessary, the plaintiffs' inability to show reliance in every case cannot be used to justify a finding that individual issues will predominate over the class claims. Issues pertaining to the proof of the alleged deceptive practice and issues relating to causation and damages will be common to all members of the class.
Id. at 975.
While we question whether Davis gives fair consideration to the principle of causation within section 501.211(2), Florida Statutes (2000), we also find the case distinguishable. All of the class members in Davis purchased a phone of reduced market value because of the alleged deceptive practice. In the instant case, whether or not a smoker reaped the benefits of a lower tar and nicotine cigarette depended upon how the cigarettes were smoked and even why the "light" cigarettes were chosen by the particular smoker. Thus, to some smokers, there was no reduced value.
Here, the record supports Philip Morris's contention that the manner in which the cigarettes were smoked and the smoker's reasons for choosing to smoke "light" cigarettes could preclude an individual smoker's entitlement to damages and, thus, would be legitimate issues raised in defense. See Gen. Motors Acceptance Corp. v. Laesser, 718 So.2d 276, 277 *295 (Fla. 4th DCA 1998)(reversing a verdict in favor of the plaintiff in a FDUTPA claim upon concluding that "to be actionable an unfair or deceptive trade practice must be the cause of loss or damage to a consumer"); see also § 501.211(2), Fla. Stat. (2000)(providing in part that under FDUTPA "[i]n any individual action brought by a consumer who has suffered a loss as a result of a violation of this part, such consumer may recover"); Himes v. Brown & Co. Sec. Corp., 518 So.2d 937, 938 n. 1 (Fla. 3d DCA 1987)(legislature left enforcement of FDUTPA "in the hands of state agencies in cases where the victims have not suffered actual damages").
The trial court stated in the final order that "neither the individual purchasers' subjective motivation, nor their smoking habits are relevant to the central issues in this case" and that "one body of evidence will resolve the issue for all class members." As the foregoing illustrates, this was error. In the instant case, an individual's smoking behavior will be relevant, and the common questions of law and fact in this case will not predominate over the individual issues. Therefore, the claims do not satisfy the requirements of rule 1.220. See Fla. R. Civ. P. 1.220(a), (b)(3). Here, the trial court's class certification was an abuse of discretion on this record. Accordingly, we reverse and hold that the class of plaintiffs created by the trial court should be decertified.
STONE, STEVENSON and HAZOURI, JJ., concur.

ON MOTION FOR REHEARING & CERTIFICATION
PER CURIAM.
We deny appellees' motion for rehearing and certification. In clarification, we note that our initial opinion was without prejudice for the appellees to return to the trial court and request certification of a modified class. We have not considered the merits of entitlement to any such request.
STONE, STEVENSON and HAZOURI, JJ., concur.