976 So.2d 50 (2008)
Nenyé EGWUATU, individually, and on behalf of all others similarly situated, Appellant,
v.
SOUTH LUBES, INC., a Florida corporation, and Ward Huntley, an individual, Appellees.
No. 1D07-0977.
District Court of Appeal of Florida, First District.
February 6, 2008.
Rehearing Denied March 12, 2008.
*51 Bryan S. Gowdy of Mills & Creed, P.A., Jacksonville; J. Daniel Clark of Clark & Martino, P.A., Tampa; and J. Michael Lindell of Lindell, Farson & Pincket, Jacksonville, for Appellant.
P. Campbell Ford of Ford Miller & Wainer, Jacksonville; and Diane H. Tutt, Davie, for Appellees.
PADOVANO, J.
This is an appeal from a nonfinal order denying a motion for class certification. Because the plaintiff has failed to show that the trial court's decision to deny the motion was an abuse of judicial discretion, we affirm.
South Lubes, Inc., provides routine motor vehicle service, including oil changes. The company operates under the name "Jiffy Lube" in Florida and in other Southeastern states. Ward Huntley is its president. The plaintiff, Nenyé Egwuatu, was a customer at a Jiffy Lube facility in Duval County. He seeks to represent a class of consumers in a complaint against South Lubes and Huntley for an alleged violation of the Florida Deceptive and Unfair Trade Practices Act.
The defendants offered a service known as the "Signature Service Oil Change" for an advertised price of $27.99 plus an environmental fee, which was added in varying amounts in a range of $1.00 to $2.50 per vehicle. The plaintiff alleged that the assessment of the fee was a deceptive trade practice, in that it appeared to be a tax the company was collecting from consumers. Alternatively, he alleged that the fee was presented as a direct expense the company was passing on to consumers.
In the hearing on the motion for class certification, the trial court considered only the plaintiff's theory that the fee appeared to be a tax. Prior to the hearing, the defendants had filed a motion in limine to exclude evidence of the expenses they incurred in disposing of used motor oil. The trial judge granted this motion and concluded that the effect of the decision was to eliminate the alternative theory that the fee appeared to be a direct cost. As the trial judge explained, the order in limine "narrowed the class certification issue . . . to the plaintiff's allegation that the environmental fee had the appearance of a tax and he and other consumers paid the fee because they believed it to be a tax."
After hearing two days of testimony and argument, the trial court denied the motion for class certification. The court concluded *52 that the plaintiff had not established commonality, adequacy, numerosity or typicality as required by rule 1.220(a) of the Florida Rules of Civil Procedure and that the plaintiff had failed to establish the general prerequisites for class certification under either rule 1.220(b)(2) or (b)(3). In support of these conclusions, the court found that there were individualized differences among the potential plaintiffs as to whether they paid the fee or knew that the fee was not a tax. The plaintiff seeks review of this order by appeal.
This court has jurisdiction to hear an appeal from a nonfinal order denying a motion for class certification. See Fla. R.App. P. 9.130(a)(6); Whigum v. Heilig-Meyers Furniture, Inc., 682 So.2d 643 (Fla. 1st DCA 1996). Trial courts have discretion to determine whether a cause of action by an individual plaintiff can be asserted on behalf of a class of plaintiffs. See Execu-Tech Bus. Sys., Inc. v. Appleton Papers, 743 So.2d 19 (Fla. 4th DCA 1999). We therefore review the order denying the motion for class certification in this case by the abuse of discretion standard.
In the argument before this court, the plaintiff has attempted to revive his theory that the defendant deceived customers by leading them to believe the fee was a direct expense incurred in the disposal of used oil. We decline to consider this argument because we are unable to determine whether it was preserved for review, and because it would not lead us to a different conclusion in any event.
The trial judge stated that the order granting the motion in limine had the effect of narrowing the issues to the tax theory. It is fair to assume that in the course of ruling on the motion in limine the trial judge concluded for some reason that the direct expense theory was no longer at issue. Yet the plaintiff has not supplied this court with a transcript of that hearing on the motion in limine. Consequently, we do not know whether the direct expense argument was waived or, if it was preserved for appellate review, whether it was properly rejected.
We would not remand this case for consideration of the plaintiff's direct cost argument in any event, because it appears to us that the argument is merely another way of expressing his main point: the defendants collected a fee that did not represent a true expense of any kind. Whether customers thought the fee was a tax or that it was an expense the defendants were passing along to its customers is not, in our view, significant to the issues on class certification. The point of the plaintiff's case is that the environmental fee was represented as a cost of doing business when in fact it was a profit to the defendants.
On the merits of the appeal, the plaintiff contends that this court's decision in Davis v. Powertel, Inc., 776 So.2d 971 (Fla. 1st DCA 2001) compels reversal of the trial court's order denying class certification. We held in Powertel that individual differences on the issue of reliance did not preclude class litigation of a trade practices claim, because reliance was not an element of the cause of action.[1] The defendant in *53 that case had been selling brand name cellular telephones without disclosing the fact that the phones had been modified to render them inoperable with any other cellular service provider. Because this deceptive practice affected all of the cellular phone service customers in the same way, we concluded that the trial court erred in dismissing the complaint filed on behalf of the class.
The significance of the Powertel opinion is that it explains a key difference between a statutory action for a violation of the Florida Deceptive and Unfair Trade Practices Act and a common law action for fraud. Under Florida law, multiple claims of intrinsic fraud cannot meet the test of commonality under rule 1.220(a)(2), because the issue of reliance is unique to each person who is alleged to have been defrauded. See Osceola Groves, Inc. v. Wiley, 78 So.2d 700 (Fla.1955); Lance v. Wade, 457 So.2d 1008 (Fla.1984). This principle precludes class litigation of a claim of intrinsic fraud as a matter of course. In contrast, class litigation is not necessarily precluded in a statutory cause of action for a deceptive trade practice under section 501.211(2), Florida Statutes. See Powertel; Latman v. Costa Cruise Lines, N.V., 758 So.2d 699 (Fla. 3d DCA 2000). Because the plaintiffs need not prove reliance to establish a claim under the statute, the differences that might exist on this point do not foreclose the possibility of class litigation, as they would in a claim of fraud.
It does not follow, however, that because class litigation is possible in a statutory action for a deceptive trade practice, that it will always be appropriate. To the contrary, the plaintiff still has the burden in a deceptive trade practice case to establish all of the prerequisites for class litigation. We did not suggest otherwise in Powertel. The absence of the element of reliance merely removes the legal obstacle to class litigation that exists in fraud cases. It does not guarantee that a deceptive trade practice claim will be amenable to class litigation. There might be many other reasons why class certification would be inappropriate.
In the present case, the trial court concluded that class litigation would be impractical because there would be many differences in the facts supporting the claims of the individual plaintiffs. This conclusion was based on the fact that the defendants have employed a variety of methods over the years to inform customers that the environmental fee was not a tax. For example, they posted menu boards stating that the environmental fee was added for the handling of hazardous products; they gave verbal explanations of the fee to customers who asked about it; they posted in all of their stores a letter from defendant Huntley explaining the fee; and they posted a fee notice explaining the environmental fee on written estimates exceeding $100. In these circumstances, the trial court reasoned that it would be necessary to make a number of individual inquiries to determine which potential class members had actual knowledge that the fee was not a tax.
Additionally, the trial court noted that some of the defendants' commercial customers did not use the defendants' service exclusively but that they also did business with other oil change companies. These customers must have known that the environmental fee the defendants charged was not a tax, because the other oil change companies they were doing business with did not charge it. Hence, the court concluded that an individualized inquiry would *54 be required to determine the facts of each of the commercial customer's experience with the defendants and whether that customer knew that the fee was not a tax.
In view of this evidence, we could not conclude that the trial court's decision to deny class certification was an abuse of judicial discretion. To the contrary, it appears to be the product of good judgment. For these reasons, we affirm the order.
Affirmed.
WEBSTER, J., concurs.
POLSTON, J., concurring in part and dissenting in part by separate opinion.
POLSTON, J., concurring in part and dissenting in part.
The appellant appeals from a nonfinal order of the circuit court denying his motion for class certification. Appellant alleges that he, and other class members, were charged an "environmental fee" of $1.00 to $2.50 in connection with oil changes at Jiffy Lube,[2] in violation of the Florida Deceptive and Unfair Trade Practices Act. The proposed class is defined as all persons and entities that paid an "environmental surcharge" or "environmental comp. fee" to South Lubes at locations in the state of Florida from February 3, 2001 to February 3, 2005. Appellant alleged, alternatively, that the fee was deceptive because (i) customers paid the fee in the belief that it was a required tax, when in fact there was no additional tax but it was kept as additional profit, and (ii) customers paid the fee in the belief that it was an additional cost required to dispose of the oil, when in fact there were no additional costs, and the fee was kept as an additional price exceeding the published price of the oil change.
Regarding the first claim that the fee was misrepresented as a tax, I agree with the majority that the trial court did not abuse its discretion in denying class certification. The trial court noted that there were various methods used by South Lubes to inform customers that the fee was not a tax, including menu boards, verbal explanations, and a letter and fee explanation notices.[3] Moreover, the invoices showing the fee separately showed taxes charged. The trial court reasoned that it would be necessary to make a number of individual inquiries to determine which potential class members had actual knowledge that the fee was not a tax. Because of these individual inquires, I agree that the trial court did not abuse its discretion in denying certification. See The St. Joe Co. v. Leslie, 912 So.2d 21, 24-26 (Fla. 1st DCA 2005) (holding that individualized factual determinations precluded finding that common issues predominate, reversing the class certification order).
Appellant argues that the trial court erred by not addressing whether class certification is proper for the second alleged misrepresentation of added price. Prior to the evidentiary hearing on class certification, the defendants moved to exclude evidence concerning any money or expenses South Lube received or incurred for the collection and disposition of used oil and related materials. At the hearing on the motions in limine, the appellant agreed not to introduce evidence on these issues. After *55 the class certification hearing, but before the trial court issued its certification order, the trial court granted the motions in limine. The trial court's final order denying plaintiff's motion for class certification states that its order granting the motions in limine "narrowed the class certification issue before this court to the Plaintiff's allegation that the environmental fee had the appearance of a tax and he and other consumers paid the fee because they believed it to be tax. Accordingly, all evidence presented at the class certification hearing was limited to this `tax' theory and the exchange of information between South Lubes and its customers." I agree with appellant that the trial court erred by concluding that the effect of the evidentiary ruling was to eliminate his second alternative claim of an additional price. Neither the trial court, nor appellees, describe any explicit waiver or abandonment by appellant of the second misrepresentation. They simply rely on the stipulation and ruling that the certification hearing would not allow evidence concerning any money or expenses South Lube received or incurred for the collection and disposition of used oil and related materials.
There is no record support, or basis in the law, for the trial court's conclusion that appellant's second alternative argument was abandoned. The evidence relating to the incurred expenses pertains to the merits of appellant's claim, which is not a proper inquiry for the class certification hearing. See Rollins, Inc. v. Butland, 951 So.2d 860, 868 (Fla. 2d DCA 2006). These two alternative claims are pleaded separately and the parties stipulated in oral argument that they are separate claims. Although both of these alleged misrepresentations would have the effect of adding profits to South Lubes, the alleged facts surrounding the misrepresentations are different. These different alleged facts require different analyses by the trial court to determine whether class certification is appropriate. The findings by the trial court relating to the tax misrepresentation support appellant's view that the factual determinations should be separately evaluated.
For example, the trial court noted that "menu boards informed customers that the `environmental compliance fee [was] added for the handling of hazardous products used,' and thus, informed customers that the fee was not a tax." While this finding illustrates how customers were informed that the fee was not a tax, it also illustrates how the fee was misrepresented to customers as an added charge specifically for the handling of hazardous products used. This finding is the essence of the second claim by appellant  that it was misrepresented as costs of handling, but in fact was an additional price that was kept as additional profits. See Latman v. Costa Cruise Lines, N.V., 758 So.2d 699 (Fla. 3d DCA 2000) (holding that billings by the cruise line for port charges that were misrepresented as pass-through expenses but kept as additional profits is a deceptive practice under the Florida Deceptive and Unfair Trade Practices Act).
The trial court also found that additional language was added to invoices beginning in August 2003 until the fee was no longer charged: "THE ESC [ENVIRONMENTAL SURCHARGE] REPRESENTS COSTS AND PROFITS TO THE MOTOR VEHICLE FACILITY FOR WASTE DISPOSAL OR SHOP SUPPLIES." While the trial court noted that this provides customers with actual knowledge that the fee is not a tax, there is no finding relating to the second claim. Arguably, the statement supports appellant's second misrepresentation claim because of the statement that it pertains to waste disposal or shop supplies. Had the statement not included the last phrase "for *56 waste disposal or shop supplies," it would have stated that the fee represents costs and profits to the motor vehicle facility, thereby placing consumers on notice that the fee was an added price contributing to profits.
Because the trial court failed to address class certification on appellant's second alternative claim, I would reverse the order to the extent it denied class certification for that claim, and remand for the trial court to address it as alleged.
NOTES
[1] We stand by this holding, even though our decision in Powertel has been criticized by other courts. See Philip Morris USA, Inc. v. Hines, 883 So.2d 292 (Fla. 4th DCA 2003); Black Diamond Properties, Inc. v. Haines, 940 So.2d 1176 (Fla. 5th DCA 2006). In his concurring opinion in Powertel, Judge Webster noted that the Legislature was free to amend the statute to include the element of reliance if it wished to do so. It has been six years since Judge Webster made that observation, and the statute has not been amended. We think that our reading of the statute was correct at the time of the Powertel decision for the reasons given in the opinion and that it continues to be correct.
[2] Appellee South Lubes, Inc. is a franchisee of Jiffy Lube and appellee Ward Huntley is the president of South Lubes, Inc.
[3] I disagree with the trial court's ruling that because other oil companies did not charge a fee, the business customers of South Lubes must have realized it was not a tax. I know of no basis to conclude that an industry's practice, whether complying with the law or not, imputes knowledge to a consumer regarding the character or propriety of a charge.