MAY, J.
 

 An insurance carrier appeals an order certifying a class action. The carrier argues the trial court incorrectly determined that the four required elements for establishing a class action were satisfied. We agree and reverse.
 

 Pursuant to section 627.7283, Florida Statutes (2004), insurance carriers are required to pay interest on unearned premiums returned more than thirty days after the effective date of cancellation or receiving the notice or request for cancellation, whichever is later. The underlying dispute arose when the insurance carrier allegedly failed to pay interest on the late-returned unearned insurance premiums. In 2004, three premium finance companies filed a class action suit against Canal Insurance Company and Canal Indemnity Company. The complaint alleged claims for a “Declaration of Rights,” “Money Had and Received,” and “Breach of Contract.” The carrier filed a Motion to Deny Class Status Certification.
 

 In a deposition, the carrier’s designated representative testified that the carrier never paid interest on late-returned unearned premiums. Following that deposition, the finance companies filed a Second Amended Complaint, alleging a class action suit for the recovery of unpaid interest. The carrier moved to deny the class certification. The trial court granted the motion without prejudice to allow for additional discovery.
 

 The finance companies subsequently filed a motion to certify the class based on a modified definition of the class. The motion was heard over two separate days. The finance companies provided testimony from the corporate representative and records custodian for the three class representatives, the deposition testimony of the corporate representative for the carrier, and a document from Florida’s Office of Insurance Regulation.
 

 The finance companies’ designated corporate representative and records custodian testified that since 1993, there were 33 cancellations of policies where the unearned premiums were refunded more than 30 days after the policy cancellation without interest. Of the 4 policy cancellations which were not barred by the five-year statute of limitations, the carrier returned the unearned premiums 56, 148, 135 and 177 days after the cancellation date without interest. Between 1999 and 2004, there were about 80 to 100 other premium finance companies operating in Florida.
 

 A summary from the finance companies’ business records showed the name of the insureds whose policies were cancelled, the date of the cancellation, the amount of the unearned premium returned, and the number of days it took the defendants to return the unearned premium. It demonstrated that the earliest refund of a late unearned premium was 49 days after cancellation and the latest refund was 281 days after cancellation. However, nearly all of the refunds occurred before 1999.
 

 
 *377
 
 Selected deposition testimony from the carrier’s appointed representative was read into the record. When asked about the policies and procedures for the payment of interest on unearned premiums, the representative responded that “[w]e have none, because we do not pay interest on unearned premiums ... Canal Insurance Company does not pay interest on unearned premium[s].” In the 10 years prior to the deposition, the carrier would have processed 200 or more premium finance cancellations in Florida.
 

 The finance companies introduced a document from the Office of Insurance Regulation, listing the names of all the premium finance companies active from January 1999 to September 2008. Approximately 169 premium finance companies conducted business during that time.
 

 At the conclusion of the hearing, the court requested the finance companies to provide a proposed order. The court certified the class. From this order, the carrier now appeals.
 

 Before a class may be certified, “[t]he trial court must conduct a rigorous analysis to determine whether the elements of the class action rule have been satisfied.”
 
 Stone v. CompuServe Interactive Servs., Inc.,
 
 804 So.2d 383, 387 (Fla. 4th DCA 2001) (citing
 
 Execu-Tech Bus. Sys., Inc. v. Appleton Papers Inc.,
 
 743 So.2d 19, 21-22 (Fla. 4th DCA 1999)). Certification of the class is proper only if the record satisfies each requirement of Florida Rule of Civil Procedure 1.220(a).
 
 Id.
 

 The first element is known as nu-merosity, and it requires “the members of the class [to be] so numerous that separate joinder of each member is impracticable....” Fla. R. Civ. P. 1.220(a)(1). Nu-merosity also requires a class definition that allows a court to reasonably ascertain if a person or entity is a member of the class.
 
 Olen Props. Corp. v. Moss,
 
 981 So.2d 515, 519 (Fla. 4th DCA 2008) (citation omitted). We find this class certification fails on both aspects of the numerosity requirement.
 

 The trial court adopted the following class definition: “All premium finance companies who requested the cancellation of policies, where the unearned premiums refund were made more than 30 days after the policy cancellation without the payment of interest.” The carrier argues that this definition differs from the definition pled in the Second Amended Complaint and further fails to confine the class to premium finance companies which paid premiums to Canal Insurance Company.
 

 We find no error in the trial court’s narrowing of the definition from that found in the complaint. Indeed, trial courts are permitted to redefine a proposed class in a manner which will allow utilization of the class action.
 
 See Almonor v. BankAtlantic Bancorp, Inc.,
 
 261 F.R.D. 672, 677 (S.D.Fla.2009). “Under Florida Rule of Civil Procedure 1.220(d)(1), a class-certification order may be altered or amended at any time before entry of a judgment on the merits.”
 
 Liggett Group, Inc. v. Engle,
 
 853 So.2d 434, 442 (Fla. 3d DCA 2003),
 
 approved and quashed in part by
 
 945 So.2d 1246 (Fla.2006). However, we agree that the definition fails to restrict class membership to unearned premiums returned by the named carrier. In that respect, the class definition fails to properly define the class.
 

 More importantly, we find the finance companies faded to establish a sufficient record to support the trial court’s finding that the members of the class are sufficiently numerous. The finance companies alleged “there are in excess of 100 class members.” To establish this fact, the
 
 *378
 
 finance companies provided: (1) a list of approximately 169 premium finance companies licensed between January 1999 to September 2008; (2) 4 claims belonging to the named class representatives; and (3) deposition testimony that the carrier processed at least 200 premium finance cancellations from 1996 to 2006.
 

 The carrier is quick to point out several deficiencies in these numbers. First, the finance companies bringing this claim are not among the 169 companies listed on the document from the Office of Insurance Regulation. Second, when all duplicates are removed, the list is reduced to 87 active premium finance companies. Third, there was no proof that any of those companies did business with the carrier, Canal Insurance Company. Fourth, there was no evidence as to how many of the 87 finance companies received a statutorily late payment of an unearned premium without interest. As the carrier characterizes, the conclusion derived from the evidence constituted a giant “leap of logic.”
 

 As to the deposition testimony concerning at least 200 premium finance cancellations by the carrier from 1996 to 2006, another leap must be taken. While the 200 number may seem large enough, there was no identification of the premium finance companies involved in those cancellations or whether any of the cancellations resulted in the untimely return of unearned premiums without interest. And lastly, the finance companies were able to identify only 4 cancellations of their own that fit the class definition during the relevant timeframe.
 

 We agree with the carrier’s precision-like dissection of the proof in this case. When the layers are peeled away, what is left is insufficient proof of numerosity to support the certification of the class. We therefore reverse and remand the case to the trial court to decertify the class.
 

 Reversed and Remanded.
 

 WARNER and TAYLOR, JJ., concur.