IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4586

FLORIDA DEPARTMENT OF
TRANSPORTATION and JIM
BOXOLD, in his official capacity
as Secretary of the Florida
Department of Transportation,

      Appellants,

v.

TROPICAL TRAILER
LEASING, LLC, et al.,

      Appellees.

_____/

Opinion filed November 6, 2017.

An appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

Clinton L. Doud, Chief Counsel, Civil Litigation; Ryan Scott Bourgoin, Assistant General Counsel, Civil Litigation; George S. Reynolds, IV, and Marc A. Peoples, Assistant General Counsels, Florida Department of Transportation, Tallahassee, for Appellants.

Diane G. DeWolf of Akerman LLP, Tallahassee; A. Rodgers Traynor, Jr. and Lawrence D. Silverman of Akerman LLP, Miami, for Appellees.


B.L. THOMAS, C.J.

      The Florida Department of Transportation appeals the trial court's non-final order certifying two sub-classes in favor of Appellee, Tropical Trailer Leasing, LLC. The Department argues that the trial court abused its discretion on three

grounds: deciding the merits of Tropical Trailer's claim; certifying broader sub-classes than requested by Tropical Trailer; and finding that Tropical Trailer proved the elements of rule 1.220, Florida Rules of Civil Procedure. We disagree with the Department's assertion that the trial court decided the merits of Tropical Trailer's underlying claim, but we reverse the order and remand, because the trial court abused its discretion by expanding the class beyond that pled in Tropical Trailer's amended complaint. As we reverse on this issue, we do not reach the issue of whether Tropical Trailer proved the elements of rule 1.220, Florida Rules of Civil Procedure.

## Facts

Tropical Trailer leases trailers to third parties. It filed suit to invalidate the Department's method of assessing tolls for towed trailers. Tolls were previously assessed against the vehicle pulling the trailer. Following the advent of cashless billing, SunPass transponders were installed on vehicles, and the Department began assessing tolls without requiring vehicle drivers to stop; but not all semi-trucks had SunPass transponders installed. The Department later implemented the toll-by-plate billing system, using either front-plate cameras or rear-plate cameras to capture photographs of license plates to assess tolls.

In Florida, license plates on semi-trucks are attached to its front bumper, and license plates on cars, trucks, and trailers are attached to the vehicle's rear bumper.

2

At some tolling locations, the Department has only installed rear-plate cameras, which assess a toll against the trailer owner, while at other tolling locations, the Department has installed both front and rear-plate cameras. In cases where a semi-truck's front-license plate is hidden, or when a vehicle is towing a trailer and the vehicle's rear license plate is obscured, the toll is assessed against the trailer owner, rather than the vehicle owner, as the trailer's rear license plate remains visible.

Tropical Trailer sued the Department for erroneously interpreting sections 316.003(21) and 316.1001, Florida Statutes (2010), to authorize the Department to assess tolls against the trailer owner, instead of the owner of the vehicle towing the trailer. Tropical Trailer asserted that its trailers were not "motor vehicles" within the meaning of section 316.003(21), and that the Department should have charged the vehicle owner the toll pursuant to section 316.1001, because the vehicle owner was the "person" who "used" the toll road. Tropical Trailer argued that while it may know who was driving the vehicle and thus could obtain reimbursement, many times leasing contracts preclude identifying the driver. Furthermore, Tropical Trailer asserted that it was spending its resources to collect tolls for the Department. Tropical Trailer also asserted that there were approximately forty other trailer-leasing companies subject to the same unauthorized billing procedures.

3

In its initial complaint, Tropical Trailer alleged it was suing on behalf of the following class:

> All owners of a trailer or semitrailer or chassis who within the four years preceding the filing of this lawsuit were charged a highway toll by [the Department] because the driver of the motorized vehicle towing the trailer or semitrailer or chassis failed to immediately pay the applicable toll.

The Department moved to strike the class on the following grounds:

> This definition includes *any* person who within the preceding four years owned a trailer and used the Department's Toll-By-Plate payment system. The proposed class is not limited to persons similar to Tropical Trailer who lease trailers to customers that incur tolls through Toll-By-Plate. Instead, it seeks to include anyone who owned a trailer and incurred a toll through Toll-By-Plate within the preceding four years. As proposed, the class definition would include trailer owners who themselves used the toll road but did not 'immediately pay the applicable toll' because they chose to pay through Toll-By-Plate. The inclusion of every trailer owner who received a Toll-By-Plate charge in the preceding four years is absurd and grossly overbroad.

(Emphasis in original.)

After the Department filed its motion to strike the class, Tropical Trailer amended its complaint, and alleged it was suing on behalf of a narrower class, consisting of approximately 40 trailer-leasing companies:

> All owners of a trailer or semitrailer or chassis who within the four years preceding the filing of this lawsuit were charged a highway toll by [the Department] because the driver of the motorized vehicle towing the trailer or semitrailer or chassis failed to immediately pay the applicable toll. **Excluded from this definition would be**

4

**owners of a trailer or semitrailer or chassis who also own the motorized vehicle which is towing their own trailer or semitrailer or chassis equipment at the time the toll is incurred.**

(Emphasis added.) The Department again moved to dismiss the amended complaint and moved to strike the new class definition. Responding to the Department's motion to dismiss, Tropical Trailer maintained that its action was on behalf of "a class which includes the entire trailer leasing industry," and assured the trial court that "[p]laintiffs certainly do not contend that they have no liability for any portion of the tolls which are payable to [the Department] by whomsoever chooses to 'use' [the Department's] toll roads."

During discovery, Tropical Trailer learned that the Department had assessed over 180,000 tolls against trailer owners using the toll-by-plate system; roughly half of these were assessed against commercial trailer owners, while the other half were assessed against personal trailer owners. After learning such information, Tropical Trailer filed a motion to certify four classes, proposing the following classes:

Class A -- DAMAGES AND INJUNCTIVE RELIEF: All trailer owners whose trailer license tag was used by [the Department] between 10/14/10 and 6/30/12[1] to charge a toll in any amount.

---

[1] Tropical Trailer argued that an amendment to section 316.003(21), Florida Statutes (2011), which became effective on July 1, 2012, redefined "motor vehicle" to include "trailers." Ch. 2012-174, Laws of Fla.; *see* § 316.003(21), Fla. Stat. (2012) (adopting meaning found in section 320.01(1)(a) for purposes of section 316.1001, Florida Statutes).

Class B -- <u>DAMAGES AND INJUNCTIVE RELIEF</u>:  All trailer owners whose trailer license tag was used by [the Department] between 10/14/10 and 6/30/12 to charge a toll which is greater than the toll chargeable for two axle vehicles.

Class C -- <u>DAMAGES AND INJUNCTIVE RELIEF</u>:  All trailer owners whose trailer license tag was used by [the Department] after 10/14/10 to charge a toll which is greater than the toll chargeable for three axle vehicles.

Class D -- <u>DAMAGES AND INJUNCTIVE RELIEF</u>:  All trailer owners whose license tag was used by [the Department] after 10/14/10 to charge a toll in any amount.  Excluded from Class D would be all trailer owners who also own the motorized vehicle pulling the trailer at the time the toll is incurred.

Before filing its motion for class certification, and in response to the Department's motion to strike its initial class as "absurd and grossly overbroad," Tropical Trailer specifically limited its class definition to exclude trailer owners that also owned the vehicle pulling the trailer.  In its amended motion for class certification, however, Tropical Trailer proposed Classes A, B, and C, which again included **all** trailer owners before the 2012 amendment, while its proposed Class D (starting after the 2012 amendment) still excluded those trailer owners "who also own the motorized vehicle pulling the trailer at the time the toll is incurred."  The proposed class definitions in its amended motion for class certification were based on Tropical Trailer's "contention that any toll violation notice issued based upon the license plate of a trailer is improper, and indeed void *ab initio*."

6

In its order granting Tropical Trailer's motion, the trial court certified two sub-classes, even broader than requested: "[T]he owners of all trailers towed on the turnpike for which [the Department] used the toll-by-plate method of toll imposition between October 6, 2010 and June 30, 2012," and "the owners of all trailers towed on the turnpike for which [the Department] used the toll-by-plate method of toll imposition since July 1, 2012."

Analysis

The trial court's non-final order certifying a class is reviewed for abuse of discretion, "because 'the determination that a case meets the requirements of a class action is a factual finding,' which falls within the trial court's discretion." *Sosa v. Safeway Premium Fin. Co.*, 73 So. 3d 91, 103 (Fla. 2011); *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1169 (11th Cir. 2010) ("'A . . . court abuses its discretion if it . . . follows improper procedures in making the determination . . . .'" (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004)); *Canal Ins. Co. v. Gibraltar Budget Plan, Inc.*, 41 So. 3d 375, 377 (Fla. 4th DCA 2010) (holding that a trial court acts within its discretion when it narrows a class); *Stone v. Compuserve Interactive Servs., Inc.*, 804 So. 2d 383, 387 (Fla. 4th DCA 2001) (noting that trial courts have broad discretion in shaping the members of a class).

Rule 1.220(c)(2)(D)(ii), Florida Rules of Civil Procedure, provides that "[a]ny pleading . . . shall contain . . . a definition of the alleged class . . . ." Rule 1.220(d)(1) provides that "after hearing the court shall enter an order determining whether the claim . . . is maintainable on behalf of a class on the application of any party or on the court's initiative." In Florida, the movant bears the burden of proving the elements of rule 1.220, and the trial court must conduct a rigorous analysis before determining whether to certify a class. *Fla. Health Sciences Ctr., Inc. v. Elsenheimer*, 952 So. 2d 575, 581 (Fla. 2d DCA 2007).

Rule 1.220 was modeled after Rule 23, Federal Rules of Civil Procedure, and decisions interpreting Rule 23, while not binding, are persuasive authority in Florida courts. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 879 (Fla. 2d DCA 2006). And federal district courts have held that trial courts abuse their discretion when they certify a class that is broader than the class defined in the complaint. *See Johnson v. Harley-Davidson Motor Co. Group, LLC*, 285 F.R.D. 573, 577 n.2 (E.D. Ca. 2012) (declining to use expanded class definition proposed in motion for class certification, and resorting to class definition in complaint); *Clarke v. Baptist Mem'l Healthcare Corp.*, 264 F.R.D. 375, 381 (W.D. Tenn. 2009) (requiring plaintiffs to file an amended complaint to expand the proposed class definition); *Fisher v. Ciba Specialty Chem. Corp.*, 238 F.R.D. 273, 300 (S.D. Ala. 2006) ("Having selected and litigated the class definition of their choice, plaintiffs must

8

live with that choice."); *Heastie v. Cmty. Bank of Greater Peoria*, 125 F.R.D. 669, 672 n.10 (N.D. Ill. 1989) (certifying class as originally proposed in the plaintiff's complaint, and noting that it may seek to change the definition through an amended complaint); *see generally Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 595 (7th Cir. 1993) (affirming trial court's denial of class certification, because motion "attempted to redefine and significantly expand the scope of the class defined in the [plaintiff's] complaint").

These cases are distinguishable from *Farrar v. Mobil Oil Corporation*, where landowners sued Mobil Oil for breach of contract. 43 Kan. App. 2d 871, 889-90 (Kan. Ct. App. 2010). Three years into the litigation, "[t]hese **claims** were expanded" to add members who suffered a different type of injury than those in the original class. *Id.* at 874 (emphasis added). The Kansas appellate court affirmed the trial court's decision to certify such expanded class, noting that "[a] class may be altered, expanded, subdivided or abandoned as a case develops." *Id*. at 889. *Farrar* is distinguishable, because there the plaintiffs' claims were expanded, meaning the complaint was amended, as opposed to moving to certify a more expansive class.

Here, we do not hold that a class may not be expanded once a definition has been proposed in a complaint. We simply adhere to the rule that the proper

9

procedural method to expand a class is by moving to amend the complaint, and then moving to certify the newly defined class.

When Tropical Trailer filed its initial complaint, the Department moved to strike the class as overly broad, because it included any trailer owner (including those trailer owners that also owned the vehicle towing the trailer). Tropical Trailer amended its complaint to specifically exclude trailer owners that also owned the vehicle towing the trailer, and the amended complaint also alleged the class included at least forty of Tropical Trailer's competitors. However, in its motion for class certification, Tropical Trailer proposed Classes A-C which included **all trailer owners** regardless of whether they also owned the vehicle pulling the trailer, arguing that even trailer owners who owned the vehicle towing the trailer suffered the injury of being assessed a toll based on the rear-plate video billing method. Apparently based on this new argument, the trial court certified a sub-class of all trailer owners, including those trailer owners excluded from the class definition in the amended complaint – those that owned the vehicle pulling the trailer.

Based on such a definition, Tropical Trailer alleged in its motion for class certification that the class grew exponentially from approximately 40 members to over 180,000 members. The massive expansion went far beyond the alleged class definition Tropical Trailer pled in its amended complaint, to which it was bound.

*See Reid v. Bradshaw*, 302 So. 2d 180, 183 (Fla. 1st DCA 1974) (noting "[t]he pleader is bound by his own allegations in the complaint.").

Expanding a class beyond what was pled in the complaint unfairly surprised the Department, because it was not on notice to defend against such a broad class definition. *See generally Phillip Morris USA, Inc. v. Scott*, 131 S. Ct. 1, 3-4 (2010) (Scalia, J., in chambers) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972), and noting that due process guarantees "'an opportunity to present every available defense.'"). Further, the procedural requirements are in place to ensure and protect the parties' right to due process. *See generally Ernie Haire Ford, Inc. v. Gilley*, 903 So. 2d 956, 959 (Fla. 2d DCA 2005) (reversing a trial court's class certification where no motion for class certification was filed, on the grounds that it violated the defendant's due-process right to be heard on the issue).

We hold that Tropical Trailer improperly sought to expand the scope of the class through its motion for class certification and, instead, should have further moved to amend its complaint. Fla. R. Civ. P. 1.220(d)(1). Further, the trial court abused its discretion by expanding the scope of the class beyond the class definition proposed in the amended complaint.

REVERSED and REMANDED.

LEWIS and ROWE, JJ., CONCUR.