# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1304
_____

MICHAEL T. ANGELO d/b/a
Orange Park Auto Mall,

     Appellant,

     v.

TIMOTHY PARKER, individually
and on behalf of those similarly
situated,

     Appellee.

_____

On appeal from the Circuit Court for Duval County.
Thomas M. Beverly, Judge.

June 20, 2019

ROWE, J.

Michael T. Angelo d/b/a Orange Park Auto Mall (the Dealership) appeals an order granting class certification in an action brought under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Timothy Parker moved to certify a class of consumers who the Dealership purportedly overcharged title and registration fees. The Dealership argues that the trial court abused its discretion in certifying the class because Parker did not allege a legally sufficient FDUTPA claim, preventing the trial court from conducting the rigorous analysis required before ordering class certification. We agree.

## Procedural History

Parker purchased a vehicle from the Dealership and was charged $420 for title and registration fees. The sales contract signed by Parker included a disclosure that the fees were estimated at the time of sale but was silent about any overage. Eleven days after the sale, the Dealership paid $403.90 to the Department of Highway Safety and Motor Vehicles (DHSMV) for the title and registration fees. The Dealership did not refund Parker the difference between the estimate and the amount paid to the DHSMV ($16.10).

Parker sued the Dealership alleging that it violated FDUTPA by not refunding the difference between the estimated title and registration fees and the amount paid to the DHSMV. He later amended the complaint to assert claims on behalf of a class of consumers defined as:

(a) All persons or entities with Florida addresses at the time of the transaction, who purchased or leased a vehicle from the Dealership;

(b) during the four-year period prior to the filing of his action through class certification;

(c) and were charged and paid a title and registration fee greater than the actual title and registration cost; and

(d) the difference between the amount charged and the actual title cost was never refunded.

The class action complaint alleged two FDUTPA violations: one of FDUTPA generally and the other of section 501.203(3)(c), Florida Statutes (2016). But there were no allegations to describe how the Dealership's failure to refund the difference between the actual and estimated cost of the title and registration fees was an unfair or deceptive act. This omission led to confusion over the substance of the FDUTPA claims asserted on behalf of the class.

At the hearing on the motion for class certification, the Dealership sought clarification of the claims. The Dealership asked whether the claims were based on the provision of FDUTPA

2

prohibiting automobile dealers from adding certain fees to the price of a motor vehicle.[1] Parker responded that the complaint was not based on a violation of that FDUTPA provision. Instead, he asserted that the class sought relief under the general provisions of FDUTPA and section 501.203(3)(c). Parker asserted that a violation of section 501.203(3)(c) occurred when the Dealership violated sections 320.27(9)(b)3. and 320.27(9)(b)16., Florida Statutes (2016), which prohibit automobile dealerships from misrepresenting any terms of the sale or financing of a vehicle and from willfully violating administrative rules. Yet Parker identified no misrepresentation by the Dealership or any willful violation of an administrative rule that would support a FDUTPA claim under section 501.203(3)(c).

The remaining general FDUTPA count was similarly lacking in detail. Parker did not allege that the Dealership engaged in any deceptive or unfair conduct. He acknowledged that the sales contracts disclosed that the fees charged to the proposed class members were estimated, and he could identify no legal requirement for the Dealership to refund the difference between what the consumers were charged and what the Dealership later paid to the DHSMV, days or even weeks later.

Based on the pleading deficiencies in both FDUTPA counts, the Dealership moved to dismiss the complaint for failure to state a claim, and in the alternative, for a more definite statement. The court denied both defense motions and certified the class under all three subsections of Florida Rule of Civil Procedure 1.220(b). The Dealership appeals.

---

[1] FDUTPA includes a subsection addressing unfair or deceptive acts or practices by automobile dealers related to the sale of motor vehicles. § 501.976, Fla. Stat. (2016). Section 501.976(11), Florida Statutes (2016), specifically requires disclosure of all fees or charges added to the cash price of the sale of a vehicle.

*Analysis*

We review an order granting class certification for an abuse of discretion. *Fla. Dep't of Transp. v. Tropical Trailer Leasing, LLC*, 229 So. 3d 1251, 1254 (Fla. 1st DCA 2017). Before certifying a class, a trial court must perform a rigorous analysis of the claims asserted on behalf of the class because certification expands the dimensions of the lawsuit and commits the court and the parties to additional labor over and above a traditional lawsuit. *Id.*; *Miami Auto. Retail, Inc. v. Baldwin*, 97 So. 3d 846, 851 (Fla. 3d DCA 2012). Rule 1.220(a) provides that the party seeking certification must show that the proposed class meets these four requirements: numerosity, commonality, typicality, and adequacy of representation. *Earnest v. Amoco Oil Co.*, 859 So. 2d 1255, 1258 (Fla. 1st DCA 2003). When considering whether to certify a class, the court's focus is on whether the four requirements have been satisfied, not on the merits of the case. *Sosa v. Safeway Premium Fin. Co.*, 73 So. 3d 91, 105 (Fla. 2011). That said, the merits of the class claims remain relevant to the court's analysis. Rule 1.220 requires the court to consider the law applicable to the claims and the substance of the claims before ruling on a motion to certify a class. *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 702 (Fla. 3d DCA 2000).

The Dealership argues that the trial court erred in granting class certification because: (1) it did not perform a rigorous analysis of the substance of Parker's FDUTPA claims; and (2) it failed to make factual findings in the class certification order. As stated earlier, two FDUTPA counts were asserted on behalf of the class: one alleging a general violation of the Act, and the other brought under section 501.203(3)(c), Florida Statutes. Only the count brought under the general provision of FDUTPA remains at issue in this appeal.[2]

To state a legally sufficient claim under FDUTPA, a plaintiff must allege: "(1) a deceptive act or unfair practice; (2) causation;

---

[2] At oral argument, Parker abandoned the count brought under section 501.203(3)(c), based on his concession that the count was directed to the Dealership's bond company, not to the Dealership.

4

and (3) actual damages." *Baptist Hosp., Inc. v. Baker*, 84 So. 3d 1200, 1204 (Fla. 1st DCA 2012) (quoting *Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008)). A deceptive practice is one "likely to mislead consumers acting reasonably in the circumstances, to the consumers' detriment." *State v. Beach Blvd. Auto., Inc.*, 139 So. 3d 380, 387 (Fla. 1st DCA 2014). A plaintiff must show that a reasonably objective person in the same circumstances would have been deceived. *Lombardo v. Johnson & Johnson Consumer Cos., Inc.*, 124 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015). "[A]n unfair practice is one which causes substantial injury to a consumer which the consumer could not have reasonably avoided and which is not outweighed by countervailing benefits to the consumer or to competition." *Hill Dermaceuticals, Inc. v. Anthem, Inc.*, 228 F. Supp. 3d 1292, 1302 (M.D. Fla. 2017).

The class complaint alleged that the Dealership violated FDUTPA by: (1) overestimating the cost of title and registration fees, and (2) failing to refund the difference between the amount charged to class members and the amount paid to the DHSMV. Parker admits that the contracts included the following disclosure:

> *Title/Tag Fees are Estimated. Buyer may be responsible for any shortage.
>
> 8.   Any amount marked as an "estimate" on this agreement is based on the best information available to Dealer and is subject to change when the true amount is determined. Buyer agrees to the changes in these estimated amounts, as is necessary to reflect the correction of such estimate.

Parker also concedes that the title and registration fees charged to purchasers were based on specific information provided by each individual purchaser, such as their date of birth and whether the purchaser was transferring a title. Parker further acknowledges that he had no expectation of receiving a refund for any overpayment. But despite the express disclosure that the fees were estimated, that the estimates were based on individual-specific information, and that he did not expect a refund of any overpayment, Parker maintains that the mere existence of the overcharge is enough to state a claim under FDUTPA. We disagree. Standing alone, the mere existence of an overcharge does

5

not establish a violation of FDUTPA. *See Lombardo*, 124 F. Supp. 3d at 1290. Instead, to state a claim under FDUTPA, Parker had to allege that the Dealership acted in a way that was "unscrupulous, oppressive, unethical, or immoral" or in a way likely to mislead the class members to their detriment. *Beach Blvd. Auto., Inc.*, 139 So. 3d at 386-87.

Parker alleged no deceptive or unfair acts by the Dealership.[3] Without a legally sufficient claim under the substantive law applicable to this case, the court could not determine whether Parker's complaint satisfied the requirements of commonality, typicality, numerosity, and adequacy. Nor could the court perform the rigorous analysis required by rule 1.220. The court could not assess commonality—whether Parker's claim arose from the same practices or course of conduct that gave rise to the claims of the other class members. *Sosa*, 73 So. 3d at 107. The court could not determine typicality—whether there was a strong similarity in the legal theories between Parker's claims and the claims of the other class members. *Id.* at 114. Nor could the court evaluate the number of people in the class or whether counsel was adequate. Thus, we hold that the court erred in certifying the class because Parker never alleged a facially sufficient violation of FDUTPA. *Olen Props. Corp. v. Moss*, 981 So. 2d 515, 519 (Fla. 4th DCA 2008) (holding that the court must look beyond the pleadings to determine whether the claims and proof are amenable to class treatment).

The court erred further when it failed to make factual findings to support its conclusion that Parker satisfied each of the four prerequisites for certification. *Integon Corp. v. Gordon*, 953 So. 2d 725, 725 (Fla. 1st DCA 2007) (reversing an order certifying a class

---

[3] Moreover, without a more definite statement of the FDUTPA claim alleged on behalf of the class, the Dealership was denied a fair opportunity to defend against the claim. *Walker v. Walker*, 254 So. 2d 832, 834 (Fla. 1st DCA 1971) ("[T]he pleader must set forth the facts in such a manner as to reasonably inform his adversary of what is proposed to be proved in order to provide the latter with a fair opportunity to meet it and prepare his evidence.").

when the order did not have separate factual findings as required by rule 1.220(d)(1)); *see also* Fla. R. Civ. P. 1.220(d)(1) ("Irrespective of whether the court determines that the claim or defense is maintainable on behalf of a class, the order shall separately state the findings of fact and conclusions of law upon which the determination is based.").

Because the trial court did not perform a rigorous analysis of the substance of Parker's FDUTPA claims and failed to make sufficient factual findings in the class certification order, we REVERSE the order granting class certification.

RAY and OSTERHAUS, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Michael Fox Orr and Jeremy M. Paul of Dawson Orr, Professional Association, Jacksonville, for Appellant.

Roger D. Mason, II and Elizabeth A. Buchwalter of Roger D. Mason, II, P.A., Tampa, for Appellee.